UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL F. JONOSHIES,

        Plaintiff,                                    Case No. 12-10044

v.                                                  Paul D. Borman
                                                      United States District Judge

THE CITY OF HIGHLAND PARK,
a municipal Corporation, THEODORE
CALDWELL and GLENN QUAKER,
jointly and severally, as well as individually
and/or in their official capacities,

        Defendants.
_____/

ORDER DENYING MOTION FOR ENTRY OF DEFAULT JUDGMENT (DKT. NO. 10) and
CANCELLING HEARING SCHEDULED FOR JUNE 27, 2012

On June 1, 2012, Plaintiff filed a Motion for Entry of Default Judgment against Defendants. (Dkt. No. 10.) Defendants filed a response on June 12, 2012. (Dkt. No. 13.) The Court finds that oral argument will not advance the Court's resolution of the matter, and will decide the motion on the briefs. *See* E.D. Mich. L.R. 7.1(f)(2).

In the motion for entry of default judgment, Plaintiff offers proof that Defendants were served on April 27, 2012, requiring an answer or other response from Defendants on or before May 18, 2012. *Id.* Plaintiff obtained Clerks Entries of Default on May 29, 2012 and filed the instant motion three days later, on June 1, 2012. (Dkt. Nos. 7, 8, 9.)

On June 11, 2012, Defendants filed their Answer to Plaintiff's Complaint. (Dkt. No. 12.) On June 12, 2012, Defendants filed a response to Plaintiff's motion for entry of default judgment,

1

admitting the allegation that service was made on April 27, 2012, but indicating that they had not received actual notice of the filing of the action until June 4, 2012. (Dkt. No. 13, Resp. 4.) Defendants cite excusable neglect, i.e. late actual notice of the Complaint and a staff shortage at defense counsel's law firm, for their failure to timely file their Answer. *Id.* Defendants indicate their intention to vigorously defend the allegations of Plaintiff's Complaint. *Id.*

Under Rule 6(b) of the Federal Rules of Civil Procedure, the Court may accept a filing after the relevant deadline has expired, if "the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b) (1)(B). In determining whether excusable neglect has occurred, the Court balances five factors: "(1) the danger of prejudice to the nonmoving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Intern. Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

The Court finds that Defendants' three-week delay in filing an Answer to the Complaint creates no danger of prejudice to the Plaintiff and does not delay or otherwise negatively impact any pending proceedings in this case. The Court further finds no evidence that Defendants acted in bad faith in filing their Answer three weeks past the filing deadline.

Accordingly, the Court DENIES Plaintiff's motion for entry of default judgment. (Dkt. No. 10.) The Court further CANCELS the hearing on this matter scheduled for June 27, 2012.

IT IS SO ORDERED.

Dated: 6-20-12

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

2